ALFRED F. CLARK *vs.* ANN MARTHA STANSBURY, and others.

*Wills—Caveats—Fraud and Undue Influence—Evidence— Any evidence, however slight, tending to prove fraud and undue influence, is admissible.*

J. S., an old man who had been in feeble health for several years before his death, died in October, 1876    Before his death, he had on 24th December, 1875, conveyed to A. F. C., in consideration of love and affection, a house and lot, and on the 28th day of the same month had executed an agreement to pay said A. F. C. twenty three hundred dollars for taking care of and providing for him during the remainder of his life, he being then eighty-two years old.   He had also executed two wills, one dated February 1st, 1876, and the other dated April 23rd, 1876, by which he bequeathed to said A. F. C. the amount of money set forth in the written agreement signed 28th December, 1875.   These two papers purporting to be the last will and testament of said J. S. were offered for probate in the Orphans' Court for Carroll County, but on the caveat and petition of the wife and children of said J. S., issues were sent to the Circuit Court for trial, involving *testamentary capacity, fraud and undue influence.*   The caveators offered in evidence the deed of the house and lot to A F. C., in consideration of love and affection, the agreement of J. S. to pay A. F. C. $2300, for providing for him during the remainder of his life, the will of the testator dated Nov. 9th, 1874, before he went to live with A. F. C., whereby he left all his property to his wife and children, and the two papers purporting to be the last will and testament of said J. S., for the purpose of proving that these papers were all executed in pursuance of an influence and dominion exercised by A. F. C. over J. S. which the latter could not resist.   The caveatees objected to the admissibility of the will dated Nov. 9th, 1874, and also of the deed in evidence, as irrelevant, collateral and immaterial.   HELD :

1st. That it having been shown by the evidence in the case that the testator was an old man, over eighty years of age, in feeble health, having once been paralyzed, and was known for his stingy and miserly habits, the fact that this penurious old man should by paper after paper strip himself of his property, and give it to strangers in fraud of the natural rights of his wife

and children, was evidence to go to the jury, in connection with other facts, for the purpose of showing fraud and undue influence.

2nd. That for the same reasons, his will executed in 1874, at a time before it was supposed he became subject to this influence, and by which he gave all his property to his wife and children, was also admissible in evidence.

3rd. That where the issues before the jury are *fraud and undue influence,* any evidence, however slight, tending to prove these issues, is admissible.

APPEAL from the Circuit Court for Carroll County.

Joseph Stansbury died in October, 1876, leaving a widow and four children. He was at the time of his death about eighty-two years of age, had been once paralyzed, and had been in feeble health for some years before his death. On the 28th December, 1875, said Stansbury executed a deed whereby, in consideration of love and affection, he conveyed to Alfred F. Clark and wife a house and lot in Westminster, Md., and on the 28th December executed an agreement to pay to said Clark twenty-three hundred dollars, in consideration of which said Clark was to take care of and provide for said Stansbury during the remainder of his life. He had also executed two wills, one on the 1st February, 1876, and the other on the 23rd April, 1876, in each of which the testator bequeathed to said Clark "the amount of money set forth in an agreement signed on the 28th December, 1875." These two papers purporting to be the last will and testament of said Stansbury were offered for probate in the Orphans' Court for Carroll County, but on the caveat and petition of the wife and children of said Stansbury, the following issues were sent to the Circuit Court for trial, involving *testamentary capacity, fraud, and undue influence.*

1. Was the said Joseph Stansbury, at the time of executing the paper-writing, dated February 1st, 1876, purporting to be his last will and testament, of sound and disposing mind, and capable of executing a valid deed or contract?

Clark *vs.* Stansbury, *et al.*

2. Was the execution of the paper-writing, dated February 1st, 1876, purporting to be the last will and testament of said Joseph Stansbury, procured by fraud, importunities or undue influence, which he, the said Joseph Stansbury, in his then condition, was unable to resist?

3. Was the paper-writing, dated February 1st, 1876, procured by undue influence, fraudulent devices, importunities, misrepresentations or deceits practised upon the said Joseph Stansbury, which, under the circumstances, did not leave him free in the disposition of his estate?

4. Was the said Joseph Stansbury, at the time of executing the paper-writing, dated April 23rd, 1876, purporting to be his last will and testament, of sound and disposing mind, and capable of executing a valid deed or contract?

5. Was the execution of the paper-writing, dated April 23rd, 1876, purporting to be the last will and testament of the said Joseph Stansbury, procured by fraud, importunities or undue influence, which he, the said Joseph Stansbury, in his then condition, was unable to resist?

6. Was the paper-writing, dated April 23rd, 1876, procured by undue influence, fraudulent devices, importunities, misrepresentations or deceits practised upon the said Joseph Stansbury, which, under the circumstances, did not leave him free in the disposition of his estate?

*Caveatee's First Exception.*—At the trial below the caveators offered in evidence the two papers dated respectively 1st February, 1876, and 23rd April, 1876, purporting to be the last will and testament of Joseph Stansbury, also the written agreement whereby Stansbury had agreed to pay Clark $2300.00 for his services in providing for him, and also the deed dated 24th December, 1875, whereby in consideration of love and affection the said Stansbury had conveyed to said Clark a house and lot; for the purpose of showing that these papers were all executed in pursuance of an influence and dominion exercised by Clark which the

testator could not resist. The caveatees objected to the admissibility of the deed in evidence, as irrelevant, collateral and immaterial, but the Court overruled the objection, and allowed the deed to be put in evidence with the other papers aforesaid.

*Caveatee's Second Exception.*—The caveators further offered in evidence a paper dated 9th November, 1874, purporting to be the last will and testament of said Stansbury, whereby he left all his property to his wife and children, executed before he had become subject to the influence and dominion of said Clark, to the admissibility of which paper in evidence the caveatees objected, as immaterial and impertinent to the issues in this case. But the Court overruled the objection, and allowed the said paper to be put in evidence.

*Caveatee's Third and Fourth Exceptions.*—The caveators offered certain evidence in rebuttal of the caveatee's evidence tending to show that the testator had become alienated from his family, to the admissibility of which the caveatee objected, but the Court overruled the objection and allowed the evidence to go to the jury.

*Caveatee's Fifth Exception.*—The caveatee offered sixteen prayers, all of which were granted by the Court, and the caveators offered eight prayers, of which the Court granted the first, third, fourth, fifth and eighth, but rejected the second, sixth and seventh.

The caveator's eighth prayer was as follows:

8th. If the jury find from the evidence that the deceased, Joseph Stansbury, executed the contract dated December 28th, 1875, and offered in evidence, and that the same was obtained from him without a full knowledge of its contents on his part, or by undue influence or misrepresentations on the part of Wm. Stansbury or A. F. Clark, and that his mind was not disabused of such undue influence, nor was he fully informed of the nature of such contract, at the time of the execution of the papers, dated February 1st and April

23rd, 1876, respectively, and that said contract is the one referred to in said two papers, then the jury should find that said papers were obtained by fraud or undue influence, and their verdict should be for the caveators on the second, third, fifth and sixth issues.

And the caveatee excepted to the granting of the caveators' eighth prayer.

The jury by their verdict found for the caveators on the second, third, fifth and sixth issues, and for the caveatee on first and fourth issues joined, and the caveatee took this appeal.

The cause was argued before BARTOL, C. J., BOWIE, GRASON, MILLER, ALVEY and ROBINSON, J.

*Wm. H. Tuck and Wm. M. Merrick,* for the appellant.

*Bernard Carter and Wm. A. Hammond,* for the appellees.

ROBINSON, J., delivered the opinion of the Court.

Joseph Stansberry died in October, 1876, and two papers dated respectively February 1st and April 1st, 1876, each purporting to be his last will and testament were offered for probate in the Orphans' Court of Carroll County. On the caveat and petition of his widow and four children, issues were sent to the Circuit Court for trial, involving *testamentary capacity, fraud, and undue influence.*

In each of these papers the testator bequeathed to Alfred F. Clark, " the amount of money set forth in an agreement signed on the 28th December, 1875."

At the trial below this agreement was offered in evidence by the caveators, by which it appears that Stansbury agreed to pay Clark twenty-three hundred dollars, in consideration of which Clark was to take care of and provide for him during his, Stansbury's, life.

They then offered a deed dated 24th December, 1875, by which Stansbury in consideration of love and affection conveyed to Clark and wife a house and lot in Westminster, to the admissibility of which the caveatees objected.

It may be true that the deed in itself did not in any manner impeach the testamentary capacity of the testator, or show the papers purporting to be his will were executed by fraud or undue influence. But it appeared that Stansbury was living with Clark at the time the deed was executed —that it was prepared at the instance and by the directions of Clark—that Stansbury was an old man over eighty years, in feeble health, and at one time paralyzed and was known for his stingy and miserly habits.

The issues before the jury involved fraud and undue influence, and any evidence, however slight, tending to prove these issues was admissible. The theory on the part of the caveators was, that this deed and the agreement of December 28th and the two wills, were all executed in pursuance of an *influence or dominion exercised by Clark over the testator, and which he was unable to resist.* The fact that this old man known for his penurious habits should by paper after paper strip himself of his property, and give it to Clark in fraud of the natural rights of his wife and children, was evidence to go to the jury in connection with other facts, for the purpose of proving fraud and undue influence. And for the same reasons his will executed in 1874, at a time before it was supposed he had become subject to this influence, and by which he gave all his property to his wife and children, was also admissible in evidence.

We concur also in the rulings of the Court in the third and fourth exceptions. The caveatee had offered evidence tending to show that the testator had become alienated from his family, and it was competent for the caveators to disprove the facts thus relied on for this purpose.

In regard to the law of the case, the caveatees ought not certainly to complain of the instructions of the Court.

They offered no less than *sixteen* prayers presenting the law of the case in every possible aspect, all which were granted by the Court. Nor do we think they have any right to find fault with the caveators' eighth prayer, and which is now relied on as a ground for reversal.

If the contract of December, 1875, by which the testator agreed to pay to Clark twenty-three hundred dollars was obtained from him *without knowledge of its contents, or by undue influence or by misrepresentations* on the part of Clark, and this undue influence continued *up to the time of the execution* of the alleged testamentary papers, and the testator did not in fact understand the import of these papers, the jury ought to have found that they were obtained by fraud or undue influence.

We are somewhat surprised to hear it argued that there was no evidence of fraud or undue influence legally sufficient to submit to the jury; without here reviewing it in detail, we think the record is full of proof, and pregnant proof, in support of the issues.

*Rulings affirmed.*

(Decided 28th June, 1878.)